JUDGE NATHAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CIV 1451

---

**TITOILOY SOLISE MORALES,**

    **Plaintiff,**

-against-

**MEL HARRIS & ASSOCIATES**
**and LR CREDIT 10, LLC,**

    **Defendants.**

**Civil Action No.**

---

## COMPLAINT

The plaintiff **TITOILOY SOLISE MORALES** (hereafter the "plaintiff" or "Mr. Morales"), by his attorneys Fishman & Mallon, LLP, as and for his complaint against the defendants **MEL HARRIS & ASSOCIATES** (hereafter "Harris") and **LR CREDIT 10, LLC** (hereafter "LR") (collectively, the "Defendants") alleges, upon information and belief, as follows:

## INTRODUCTION

1. This is an action for actual, statutory and punitive damages for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and other state law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, illegal and unfair collection practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Tito Solise Morales is an adult individual residing in the City of New York, County of Kings.

5. According to its website, Harris "is a New York law firm with a primary practice of consumer debt collection" with its principle place of business located at 5 Hanover Square, 8th Floor, New York, NY, 10004. The principal business Harris is the collection of debts already in default using the mails and telephone, and it regularly attempts to collect said debts.

6. LR is a domestic limited liability company doing business in the City, County and State of New York with a designated address for service of c/o CT Corporation 111 Eighth Avenue, New York, NY 10011. LR's principal business is the collection of consumer debt already in default using the mails and telephone, and it regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

7. At all pertinent times, Defendants were hired to collect a debt relating to a Household, HSBC, Guitar Center account. (hereafter the "debt").

8. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

9. In or about 2006, LR Credit 10, represented by Harris, commenced an action against the Mr. Morales in the District Court of the State of New York, County of Nassau (***LR Credit 10, LLC a/a/o Household Guitar Center***, Index No. 12742/06) (the "Collection Action") in connection with its attempt to collect the debt.

10. On or about July 17, 2006 LR obtained a default judgment against Plaintiff in the amount of approximately $6,160.00. (the "Judgment")

11. Beginning in or around 2007, Harris, as an agent and collector for LR Credit 10, began deducting electronically every month, $40.00 from Plaintiff's checking account to satisfy the alleged debt and judgment obtained by LR Credit

12. Pursuant to a stipulation between the parties, dated February 3, 2011 that was "so ordered" by the court, the Judgment was vacated and the Collection Action was discontinued with prejudice. The stipulation expressly provided that "all bank restraints, levies or income executions are hereby released and lifted.

13. Notwithstanding the above, on or about February 28, 2011, Harris, as LR's agent, well after the vacatur of the judgment and discontinuance of the collection action with prejudice, withdrew $40.00 from Plaintiff's checking account (the "Account") without legal or contractual consent.

14. Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

15. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing the amount, character or legal status of the debt.

16. Defendants acted in a false, deceptive, misleading and unfair manner by falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful.

17. Defendants in a false, deceptive, misleading and unfair manner by threatening to take, and actually taking, an action that cannot legally be taken for the purpose of coercing Plaintiff to pay the debt.

18. Defendants acted in a false, deceptive, misleading and unfair manner when they used false representations and deceptive means to collect or attempt to collect a debt.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was knowing, willful, reckless, and/or

negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

21. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to pecuniary loss, out-of-pocket expenses, emotional and mental pain and anguish, embarrassment and humiliation and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## FIRST CAUSE OF ACTION– ALL DEFENDANTS- VIOLATIONS OF THE FDCPA

22. Plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

23. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

25. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

26. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§, 1692d, 1692e(2)(A), 1692e(4), 1692e(5), 1692e(10), and 1692f as evidenced by the following conduct:

a. Engaging in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

b. Falsely representing the amount, character or legal status of the debt;

c. Falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful;

d. Threatening to take, and actually taking, any action that cannot legally be taken for the purpose of coercing Plaintiff to pay the debt.

e. Falsely representing that nonpayment of any debt will result in the seizure, garnishment, attachment or sale of any property or wages unless such action is lawful and the debt collector intends to take such action; and

27. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28. As a result of the above violations of the FDCPA, the Plaintiff is entitled to a judgment against the Defendants, jointly and severally, for his actual and statutory damages in an amount to be determined by the trier of fact.

29. In addition, the Plaintiff is entitled to collect his reasonable attorney's fees pursuant to the FDCPA.

## SECOND CAUSE OF ACTION– ALL DEFENDANTS – CONVERSION

30. Plaintiff repeats and realleges the foregoing paragraphs as though the same were set forth at length herein.

31. Plaintiff possessed the right to the above-described property, namely the Account containing chattel in the form of money assets possessed solely by Plaintiff and under Plaintiff's sole control.

32. Defendants unlawfully deprived Plaintiff of his right to the above chattel and/or interfered with Plaintiff's use and possession of the chattel by instituting and completing an electronic funds transfer in the amount of $40.00 from the Account without Plaintiff's consent or legal authorization.

33. Defendants have acted willfully to interfere with Plaintiff's property, without lawful justification, and have deprived him of the use and possession of the assets of the Account.

34. The Plaintiff is entitled to a judgment for his actual damages in an amount to be determined by the trier of fact.

35. By their conduct and actions, as set forth above, and by Harris' conduct and actions as an officer of the Court, evidenced a willful and outrageous disregard for the Defendant's rights.

36. The Court should award punitive damages, in an amount to be determined by the trier of fact, both to punish the Defendants for such conduct as well as to deter them and others from engaging in such conduct in the future.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally on the claims set forth above for actual, compensatory, statutory

and punitive damages and the lawful interest thereon, together with costs and statutory attorney's fees and such other relief as may be just.

### JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated: New York, New York
February 27, 2012

Respectfully Submitted,

*/s/ James B. Fishman*

**JAMES B. FISHMAN** (JBF-8998)
FISHMAN & MALLON, LLP
305 Broadway
Suite 900
New York, NY  10007
(212) 897-5840
Attorneys for the Plaintiff